

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
 **JUDGE**

**LETTER OPINION**

April 27, 2006

Joseph Brandon #000372016C
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065
*Plaintiff, Pro Se*

Sean M. Gorman
Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625
*Attorney for Defendants*

  Re: **Joseph Brandon v. Warden, Northern State Prison, et al.**
     <u>**Civil Action No. 05-CV-3031 (WJM)**</u>

Dear Litigants:

  This matter comes before the Court on State Defendant Lydell Sherrer's Motion to Dismiss and for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, seeking to dismiss *pro-se* Plaintiffs' complaint in its entirety.  Also before the Court is State Defendant Special Investigations Division of the New Jersey Department of Corrections'("SID")12(b)(6) Motion to Dismiss the Complaint.  Both motions are unopposed.  The Court adjudicates this matter on the papers.  Fed. R. Civ. P. 78.  For the reasons stated below, Defendants' motions are both **GRANTED** and Plaintiffs' complaint is **DISMISSED** in its entirety.

**BACKGROUND**

*Pro-se* Plaintiff Joseph Brandon is an inmate currently incarcerated at East Jersey State Prison in Rahway, New Jersey. From March 9, 2005 to July 25, 2005, Plaintiff was incarcerated at Northern State Prison in Newark, New Jersey ("NSP"). Brandon was previously incarcerated at NSP from December 3, 1999 to February 15, 2000 and also from September 20, 2000 to January 31, 2002. On June 14, 2005, Plaintiff filed this complaint *pro-se* pursuant to 42 U.S.C. § 1983 naming "Warden Northern State Prison" and "Internal Affairs Northern State Prison" as defendants.[1] Defendant Lydell B. Sherrer is the NSP Warden to whom the Complaint referred. (Def. Sherrer's Brief at 2.)

Although, Plaintiff's Complaint is not particularly clear, it appears that Plaintiff alleges that he suffers from a serious mental illness and that, upon his arrival at NSP, he advised officials that he should not be placed at NSP based on events that occurred during his prior stays at NSP. (Compl. at 6.) He alleges that, despite his requests, he was placed in the NSP population where he was physically and emotionally abused by inmates and corrections officers including physical abuse, emotional abuse, nourishment abuse and mental neglect. (Id.)

Prior to commencing this action, Plaintiff utilized NSP's internal grievance procedures and filed several Administrative Request Forms (ARFs) and Interview Request Forms (IRFs). These forms were submitted by State Defendant Sherrer with his Motion for Dismissal/Summary Judgment. (Ex. C. to Aff. of Peggy Brooks) On April 12, 2005, Plaintiff submitted an ARF seeking, in relevant part, new clothing. NSP administrator Peggy Brooks forwarded the request to Sergeant Joe Sorbino, who confirmed that Brandon received new clothing and linens on his arrival at NSP. (Aff. of Joseph Sorbino ¶5.) As noted on May 10, 2005 in the response area of the ARF, "inmate Brandon interviewed stated he no longer had any complaints." (Ex. C. to Aff. of Peggy Brooks); this response was approved and signed by Defendant Sherrer (Aff. of Lydell B. Sherrer ¶ 4; Oct. 24, 2005 Stmt. of Mat. Facts ¶ 11.) On May 1, 2005, Plaintiff submitted another ARF asserting, in relevant part, that he required a transfer to Southwoods State Prison because he has "special needs" requiring an "R.T.U. unit," and was the recipient of certain (unspecified) threats. (Id.) Then, on May 2, 2005, Plaintiff submitted an IRF further expressing a concern for his safety and now alleging he was attacked by two other inmates with gang affiliations. He again requested a transfer to Southwoods. (Id.). Brooks received the May 2, 2005 form on May 4, 2005 and, with the signed approval of Defendant Sherrer, the matter was referred to Defendant SID for investigation. (Aff. of Peggy Brooks ¶10; Id. at Ex. C.)

Plaintiff filed the Complaint on June 14, 2005 seeking unspecified financial relief, mental counseling, and "family relief" for deprivation of his civil rights under 42 U.S.C. § 1983. Defendant Sherrer's Motion to Dismiss and for Summary Judgment was filed on October 24, 2005. On January 18, 2006, Defendant SID (as Internal Affairs, Northern State Prison) moved for an extension to file its answer out of time; Magistrate Judge Hedges order granting the motion was entered on February 9, 2006. Defendant SID's Motion to Dismiss Plaintiff's Complaint was filed on March 8, 2006.

---

[1] There is no such entity as "Internal Affairs Northern State Prison." However service of the Complaint was accepted on behalf of Defendant SID instead of the fictitious Internal Affairs Northern State Prison, and SID is moving as a Defendant in this action (Def. SID's Brief at 1 n.1).

2

## DISCUSSION

### A.     Standard for Dismissal Pursuant to Rule 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, when a document attached to the motion to dismiss, but not submitted with the complaint, is undisputed and authentic and the basis for the plaintiff's claims, a court may consider such a document. *Pension Benefit*, 998 F.2d at 1196. Likewise, a document attached by a defendant to a motion to dismiss is considered part of the pleading if it is referred to in the complaint and is central to the plaintiff's claims. *See Pryor v. NCAA*, 288 F.3d 548, 559-60 (3d Cir. 2002).

If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982). Moreover, when a motion to dismiss involves a *pro-se* plaintiff, the court must "find that it is clear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Zynn v. O'Donnell*, 688 F.2d at 941 (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

### B.     Standard for Summary Judgment Pursuant to Rule 56

Summary judgment eliminates unfounded claims without resorting to a costly and lengthy trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). However, a court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *Celotex*, 477 U.S. at 323. A litigant may discharge this burden by exposing "the absence of evidence to support the nonmoving party's case." *Id.* at 325. In evaluating a summary judgment motion, a court must view all evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A party cannot simply rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him. Fed. R. Civ. P. 56 (providing that the party opposing summary judgment may not rest upon the mere allegations or denials of the pleading but, by affidavits or as otherwise provided in the rule, must set forth specific facts showing that there is

a genuine issue for trial). Fed. R. Civ. P. 56(e) provides that "if the adverse party does not ... respond, summary judgment, if appropriate, shall be entered against the adverse party."

It is well settled "that this does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond." *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (internal citation omitted). The Court "must first determine whether summary judgment is appropriate – that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." *Id.* When considering an unopposed motion for summary judgment, "it is entirely appropriate for this court to treat all facts properly supported by the movant to be uncontroverted." *Allebach v. Sherrer*, 2005 U.S. Dist. LEXIS 15626, at *5 (D.N.J. July 27, 2005) (citing *Anchorage Assoc.*, 922 F.2d at 176).

### C. Defendant Sherrer's Motion to Dismiss and for Summary Judgment is Converted into a Motion for Summary Judgment and the Motion for Summary Judgment is GRANTED

#### 1. Defendant Sherrer's Motion Must be Converted to one for Summary Judgment

Defendant Sherrer's motion is presented as a Motion to Dismiss and for Summary Judgment. The rule in evaluating a motion to dismiss is that if, on a motion to dismiss, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed. R. Civ. P. 12(b); *accord Rose v. Bartle*, 871 F.2d 331, 340-42 (3d Cir. 1989).

The Third Circuit has cautioned that express notice should generally be given before the Court converts a motion to dismiss into one for summary judgment. *See, e.g. In re Rockefeller Ctr. Prop., Inc. Secs Litig.*, 184 F.3d 280, 288 (3d Cir. 1999). However when a motion to dismiss is couched in the alternative as a motion for summary judgment, the pleading therefore provides sufficient notice of potential conversion and the opposing party was not prejudiced by such conversion. *See Carver v. Plyer*, 115 Fed. Appx. 532, 536-37 (3d Cir. 2004); *Hilferty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996). Defendant Sherrer's motion meets the criteria for conversion and consideration as a Rule 56 motion for summary judgment. In addition to his couching the motion in the alternative as one for summary judgement, Defendant Sherrer submitted extensive supplemental evidence attached to his pleading and even titled his supporting brief as one "in Support of Their Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(6)." Therefore, it is appropriate for the Court to consider this motion as one for summary judgment and dispose of it accordingly.

#### 2. Plaintiff's Section 1983 Claims Arise Under the Eighth Amendment

Section 1983 makes "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution" liable to the party injured. 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege two elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived plaintiff of rights, privileges or immunities secured by the U.S. Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48–49 (1988); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

The Eighth Amendment of the U.S. Constitution prohibits states from inflicting cruel and unusual punishments on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344-46 (1981). For instance, it is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

An Eighth Amendment claim may issue if the prisoner can show that the conditions alleged, or inaction of prisons officials, deprived him of "the minimal civilized measures of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Rhodes*, 452 U.S. at 347-48; *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses to society.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Rhodes*, 452 U.S. at 347). Likewise, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (internal citations omitted).

Defendants could have violated Plaintiff's Eighth Amendment rights only if they acted with deliberate indifference to his safety. To be liable, Defendants must have known that Plaintiff "face[d] a *substantial risk* of *serious harm*" and they must have "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847 (emphases added). Deliberate indifference is a "subjective standard of liability consistent with recklessness as that term is defined in criminal law." *Nicini v. Morra,* 212 F.3d 798, 811 (3d Cir. 2000). In *Farmer v. Brennan*, the Supreme Court held that finding a prison official liable for violating a prisoner's Eighth Amendment rights requires proof that the official "knows of and disregards an *excessive risk* to inmate health or safety." 511 U.S. at 837 (emphasis added). He must "both [be ] aware of facts from which the inference could be drawn that a *substantial risk* of *serious harm* exists, and . . . draw the inference." *Id*. (emphases added).

Plaintiff's Complaint is particularly unclear in pleading the exact nature of his grievances; nor has he availed himself of the opportunity to present such facts in response to Defendants' motions. Indeed, both motions are unopposed, and Plaintiff has presented no pleadings, correspondence or evidence before the Court subsequent to his Complaint.

However, the Court recognizes the long-standing practice of construing *pro-se* plaintiffs' pleadings liberally. *See, e.g. U.S. v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999). Broadly construing Plaintiff's unclear *pro-se* Complaint, the Court finds that Plaintiff is most likely pleading his Section 1983 claims under the Eighth Amendment. Indeed, Plaintiff's Complaint speaks generally of "mental neglect, physical abuse, emotional abuse" and "nourishment abuse" while at NSP. (Compl. at 4-6.) Likewise, Plaintiff's internal grievance forms filed at NSP state similar, still unspecific, issues. (Ex. C. to Aff. of Peggy Brooks.) Furthermore, it appears that, in addition to alleging physical abuse by corrections officers and inmates, Plaintiff may be bringing an Eighth Amendment claim alleging a failure to protect his safety while at NSP. Plaintiff does not plead any of these allegations specifically as to Defendants; and because the Complaint will be dismissed on other grounds as explained below, the Court need not rule on whether or not Plaintiff was actually abused. However, even if the Court were called upon to determine whether Plaintiff did suffer Eighth Amendment abuse while at NSP, Plaintiff's Complaint and the facts in evidence provide no support for, and cast serious doubt as to, such claims.

### 3.     Defendant Sherrer did not Violate Plaintiff's Constitutional Rights Under Section 1983

Defendant Sherrer contends that he is entitled to summary judgment because no interpretation of the Complaint and the evidence can show any personal involvement, or knowledge and acquiescence, on his part in any of the alleged wrongs. It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.; accord Evancho v. Fisher*, 423 F.3d 347, 352-54 (3d Cir. 2005).

Plaintiff's Complaint fails to provide any allegation or evidence that Defendant Sherrer was at any time directly involved in Plaintiff's alleged mistreatment. Nor does Plaintiff provide the Court any reason to believe that Defendant Sherrer was possibly culpable for any violations (if any actually existed) through *actual knowledge and acquiescence*. On the contrary, the evidence clearly demonstrates that Defendant Sherrer's involvement in Plaintiff's allegations was in no way sufficient to support Plaintiff's Complaint. Although Defendant Sherrer's approvals are noted on Plaintiff's ARFs and IRFs, his approvals, rather than noting his involvement in ongoing transgressions, signify his overseeing positive action benefitting Plaintiff. Indeed, his signature on the April 12, 2005 ARF accompanies a note by an investigating officer that "inmate Brandon interviewed stated he no longer had any complaints" about lack of clothing. (Ex. C. to Aff. of Peggy Brooks.) Furthermore, Defendant Sherrer's signature on the May 2, 2005 IRF referred Plaintiff's concerns about his safety to SID for investigation. (Id.)

Finally, Defendant Sherrer's affidavit clarifies that while he reviewed, approved and signed the above forms, at no time did he "have any personal involvement in any of the alleged incidents," "have any knowledge of any acts or omissions committed by any Department of Corrections officials," or "direct any Department of Corrections officials, nor any other persons, to commit any of the acts or omissions alleged by inmate Joseph Brandon in his complaint." (Aff. of Lydell B. Sherrer ¶¶ 5-7.)

No interpretation of the evidence can demonstrate that Defendant Sherrer either participated in, or knew of and acquiesced or disregarded, deprivations of Plaintiff's Constitutional rights. Therefore, his motion for summary judgment must be GRANTED and the Complaint DISMISSED IN ITS ENTIRETY as to him.

### D.     **Defendant SID's Motion to Dismiss is Converted into a Motion for Summary Judgment and the Motion for Summary Judgment is GRANTED**

#### 1.     **Defendant SID's Motion Must be Converted to one for Summary Judgment**

While couched as a 12(b)(6) Motion to Dismiss, Defendant SID's motion is also actually one for Summary Judgment. Indeed, Defendant SID has attached to its brief the Affidavit of Steven Johnson as well as a "Statement of Uncontested Material Facts Pursuant to L.Civ.R. 56.1;" and local Civil Rule 56.1 is entitled "Summary Judgment Motions." D.N.J. Civ. R. 56.1. The Court finds that these submissions by SID put Plaintiff on notice that SID's motion might be converted to one for

summary judgment. Moreover, because of this notice, and the fact that Plaintiff was already on notice that Defendant Sherrer's motion was submitted in the alternative as one for summary judgment, Plaintiff will not be prejudiced by this conversion.

### 2.   Defendant SID has Sovereign Immunity

It is well established that the Eleventh Amendment grants states, and their agencies and divisions, immunity from suit in federal court by private parties.[2] *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *A.W. v. Jersey City Pub. Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). A state may, however, waive its sovereign immunity by consenting to suit against it in federal court. *See Pennhurst*, 465 U.S. at 99.

Defendant SID is the investigative division of the State of New Jersey. (Def. SID's Brief at 5; Aff. of Steven Johnson at ¶ 7.) Neither SID nor the State of New Jersey have consented to this suit. (Def. SID's Brief at 6.) Therefore, sovereign immunity precludes Plaintiff's claims against Defendant SID and its motion for summary judgment must be GRANTED and the Complaint DISMISSED IN ITS ENTIRETY as to Defendant SID.

### CONCLUSION

In summary, Plaintiff has failed to demonstrate any personal involvement, or knowledge and acquiescence by Defendant Sherrer that would support Plaintiff's Section 1983 claims. Furthermore, Defendant SID is a New Jersey state division protected from Plaintiff's claims by sovereign immunity under the Eleventh Amendment. Therefore, and for the reasons outlined above, Defendant Sherrer's Motion to Dismiss and for Summary Judgment and Defendant SID's Motion to Dismiss Plaintiff's Complaint, both converted to motions for summary judgment, must be **GRANTED,** and Plaintiffs' Complaint will be **DISMISSED** in its entirety as to all defendants.

An appropriate Order accompanies this Letter Opinion.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

cc:   The Hon. Ronald J. Hedges, U.S.M.J.

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.